IN THE U.S. DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

John J. Tauro, Plaintiff

v.                                                              No.

Penn Credit Corporation, Defendant.

                                                ELECTRONICALLY FILED

                                                JURY TRIAL DEMANDED

<u>COMPLAINT</u>

JURISDICTION

This court has jurisdiction under The Fair Debt Collections Practices Act, 15 USC 1692, et seq.; Telephone Consumer Protection Act, 47 USC 227, et sec;  and violations of Pennsylvania law. Jurisdiction exists for state law claims pursuant to 28 USC 1367.

PARTIES

    Plaintiff is a consumer and a resident of Pennsylvania.

    Defendant, Penn Credit Corp. is a debt collector, as defined by the Fair Debt Collections Practices Act; and located in Harrisburg, PA.

FACTUAL ALLEGTIONS

1. On November 11, 2012, Plaintiff received an auto dialed telephone call, with a pre-recorded message from an unknown telephone number. The message failed to identify the caller as a debt collector; and did not state that they were confirming or correcting location information.

2. Plaintiff performed a reverse number check and found the unknown number belongs to Penn Credit Corp, a Pennsylvania debt collector.

3. The telephone message did not identify the caller; and was requesting that one William James return the call.

4. Plaintiff has no current, or past, business relationship with the defendant; and has no knowledge of, or, relationship with anyone named William James.

5. On November 12, 2012, Plaintiff telephoned defendant's telephone number to ask why they were calling. Defendant's agent disconnected the call.

6. On November 17, 2012, Plaintiff received a second auto dialed call with pre- recorded message. The message failed to identify the caller as a debt collector; and did not state that they were confirming or correcting location information.

7. On November 23, Plaintiff sent a notice of pending lawsuit to defendants, for violations of the FDCPA, TCPA, said mailing was delivered on November 26, 2012.

8. On November 23, 2012, Plaintiff received a third autodialed call with a pre- recorded message. . The message failed to identify the caller as a debt collector; and did not state that they were confirming or correcting location information.

9. On November 30, 2012, Plaintiff received a fourth autodialed call with pre-recorded message. . The message failed to identify the caller as a debt collector; and did not state that they were confirming or correcting location information.

10. On December 07, 2012, Plaintiff again telephoned Penn Credit to enquire about the telephone calls. Neither the supervisor, not the manager would answer the call; and no one returned Plaintiff's call.

11. During the evening of December 07, 2012, Plaintiff received a fifth autodialed call with pre recorded message. . The message failed to identify the caller as a debt collector; and did not state that they were confirming or correcting location information.

12. During the evening of December 14, 2012, Plaintiff received a sixth autodialed call with pre recorded message. The message failed to identify the caller as a debt collector; and did not state that they were confirming or correcting location information.

## COUNT I - FDCPA

13. Paragraphs 1-12 are restated.

14. Defendants willfully failed to identify themselves as debt collectors violating 1692 d (6)

15. Defendants willfully failed to state that they were confirming or correcting location information violating 1692 b (1)

16. Defendants contacted Plaintiff more than once violating 1692 b (3)

## COUNT II- TCPA

17. Paragraphs 1-16 are restated.

18. Defendants placed six calls using an auto dialer to Plaintiff's telephone violating 47 USC 227 (a) (b)

19. Defendant's six calls were prerecorded, violating 47 USC 227 (a) (b).

20. Defendant had no express consent from Plaintiff to call Plaintiff's number, violating 47 USC 227b.

## COUNT III – RECKLESS INDIFFERENCE

21. Paragraphs 1-20 are restated.

22. Defendants Penn Credit willfully acted with reckless indifference to Federal law, and the laws of Pennsylvania.

## COUNT IV - NEGLIGENCE

23. Paragraphs 1-22 are restated

24. Penn Credit has demonstrated extreme negligence in their activities as debt collectors.

Wherefore: Plaintiff demands statutory damages, fees and costs; and any other damages deemed appropriate, under the circumstances.

JURY TRIAL DEMANDED

RESPECTFULLY SUBMITTED,
/s/ John J. Tauro